**Entered on Docket
August 12, 2011**

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge
_____

| | |
|---|---|
| SHELLEY D. KROHN, LTD. | LAW OFFICE OF BRIAN D. SHAPIRO, LLC |
| SHELLEY D. KROHN, ESQ. | BRIAN D. SHAPIRO, ESQ. |
| Nevada Bar No. 5040 | Nevada Bar No. 5772 |
| E-mail: shelley@krohnlawoffice.com | Email: trustee@trusteeshapiro.com |
| 228 S. 4th St., Ste 300 | 228 S. 4th St., Ste 300 |
| Las Vegas, NV 89101-5709 | Las Vegas, NV 89101-5709 |
| Tel: (702) 421-2210 | Tel: (702) 386-8600 |
| Fax: (702) 366-1939 | Fax: (702) 383-0994 |
| *Attorneys for Chapter 11 Trustee,* | *Attorneys for Chapter 11 Trustee,* |
| *Brian D. Shapiro, Esq.* | *Brian D. Shapiro, Esq* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-11-11816-LBR |
| | Chapter 11 |
| EQUIPMENT MANAGEMENT TECHNOLOGY, | |
| | Date: August 11, 2011 |
| Debtor. | Time: 10:30 a.m. |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND
AUTHORIZING THE SALE OF ASSETS OF DEBTOR OUTSIDE THE
ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES; (C) AUTHORIZING THE ASSUMPTION AND SALE
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Motion") [ECF No. 209] of Brian D. Shapiro, Esq. ("Seller" or the "Trustee"), as Chapter 11 trustee of Equipment Management Technology, Inc. ("EMT" or the "Debtor"), a Nevada corporation and the debtor in the above-captioned Chapter 11 case, for

102667-002/order approving sale.doc

the entry of an order pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving the Asset Purchase Agreement (the "Agreement") between Electro Rent Corporation ("ERC" or the "Buyer") and the Trustee, (ii) authorizing the Seller to sell substantially all of the Debtor's assets free and clear of all Encumbrances;[1] (iii) authorizing the Trustee to assume, sell and assign certain executory contracts; and (iv) granting related relief; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Sale Motion, the remainder of the relief requested therein, and the responses thereto, if any, being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if any, to the Sale Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case, including the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**[2]

A. The findings and conclusions set forth herein together with the findings made by the Court on the record at the sale hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction over this matter and over the property of the Debtor, including the assets to be sold, transferred or conveyed pursuant to the Agreement, and its estate

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement.

[2] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

102667-002/order approving sale.doc

pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) sections 102, 105, 363, and 365 of the Bankruptcy Code, and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

D.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

E.  As evidenced by the affidavits of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the proposed assumption and assignment of the Assumed Agreements, and the Sale Hearing have been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014, the local rules of this Court.

F.  A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

G.  The Trustee has demonstrated a sufficient basis and the existence of appropriate circumstances for him to enter into the Agreement, sell the Purchased Assets and assume and assign the Assumed Agreements under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtor, its estate and its creditors.

H.  The Trustee and his professionals have demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing that the Trustee has engaged in thorough marketing efforts with respect to the Purchased Assets.

I.  The Buyer is not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code. The Buyer is a purchaser in good faith, as that term is used in

the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to all of the Purchased Assets. The Agreement was negotiated and entered into in good faith, based upon arms-length bargaining, and without collusion or fraud of any kind. Neither the Trustee nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Agreement or to the consummation of the sale transaction and transfer of the Purchased Assets and Assumed Agreements to Buyer. The Buyer is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

J.   The Trustee has full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets has been duly and validly authorized by all necessary corporate authority by the Debtor and/or the Trustee to consummate the transactions contemplated by the Agreement. No consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Trustee to consummate such transactions.

K.   The Trustee has advanced sound business reasons for seeking to enter into the Agreement and to sell and/or assume and sell and assign the Purchased Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Trustee's business judgment to sell the Purchased Assets and to consummate the transactions contemplated by the Agreement.

L.   The terms and conditions of the Agreement, including the consideration to be realized by the Debtor's estate pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtor's estate.

M.   The Purchased Assets are property of the Debtor's estate and title thereto is vested in the Debtor's estate.

N.   Except as otherwise provided in the Agreement, the Purchased Assets shall be sold free and clear of all Encumbrances (excepting, for the avoidance of doubt, Permitted Encumbrances) with such Encumbrances to attach to the Cash Consideration to be received by

the Trustee in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and Buyer would not enter into the Agreement to purchase the Purchased Assets otherwise.

O.    The transfer of the Purchased Assets to Buyer will be a legal, valid and effective transfer of the Purchased Assets, and, except as may otherwise be provided in the Agreement, shall vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of any and all Encumbrances except for Permitted Encumbrances. Except as specifically provided in the Agreement or this Order, the Buyer shall not assume or become liable for any Encumbrances relating to the Purchased Assets.

P.    The transfer of the Purchased Assets to the Buyer free and clear of all Encumbrances (excepting, for the avoidance of doubt, Permitted Encumbrances) will not result in any undue burden or prejudice to any holders of any Encumbrances as all such Encumbrances of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Purchased Assets received by the Debtor in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets and subject to any claims and defenses the Debtor, the Trustee or other parties may possess with respect thereto. All persons having Encumbrances (other than the Permitted Encumbrances) of any kind or nature whatsoever against or in any of the Debtor or the Purchased Assets shall be forever barred estopped and permanently enjoined from pursuing or asserting such Encumbrances against the Buyer, any of its assets, property, successors or assigns, or the Purchased Assets.

Q.    The Trustee may sell the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Encumbrances and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Purchased Assets and the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Encumbrances, if any, attach to the proceeds of the sale of

5

the Purchased Assets ultimately attributable to the property against or in which they claim or may claim any Encumbrances.

R.  Not selling the Purchased Assets free and clear of all Encumbrances (except the Permitted Encumbrances) would adversely impact the Debtor's estate, and the sale of the Purchased Assets, other than one free and clear of all Encumbrances (except the Permitted Encumbrances), would be of substantially less value to the Debtor's estate.

S.  The Trustee and the Buyer have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), (B) and 365(f) of the Bankruptcy Code, in connection with the sale and the assumption and assignment of the Assumed Agreements. The Buyer has demonstrated adequate assurance of future performance with respect to each of the Assumed Agreements pursuant to section 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code. The assumption and assignment of the Assumed Agreements pursuant to the terms of this Order is integral to consummation of the Agreement and is in the best interests of the Debtor, its estate, its creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Trustee.

T.  The Assumed Agreements are assignable notwithstanding any provisions contained therein to the contrary. Through the provisions of the Agreement, the Trustee has provided for the cures and/or other payments or actions required to assume and assign the Assumed Agreements to the Buyer. The Buyer has provided adequate assurance of its future performance under the Assumed Agreements.

U.  The Buyer will be acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(g) and 6006(d).

V.  The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor and/or the Debtor's estate, there is not substantial continuity between the Buyer and the Debtor, there is no continuity of enterprise between the Debtor and the Buyer, the Buyer is not a mere continuation of the Debtor

102667-002/order approving sale.doc

or its estate, there is no common identity of incorporators, directors or stockholders between the Debtor and Buyer, Buyer is not holding itself out to the public as a continuation of the Debtor and the Buyer does not constitute a successor to the Debtor or its estate.

W.     The sale of the Purchased Assets outside of a plan of reorganization pursuant to the Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor. The sale does not constitute a *sub rosa* plan of reorganization.

X.     The total consideration provided by the Buyer for the Purchased Assets (a) is fair and reasonable, and the Purchase Price (b) constitutes reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, (c) constitutes reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Purchased Assets and (d) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

Y.     The Buyer shall have no obligations with respect to any liabilities of the Debtor other than the Assumed Liabilities.

Z.     For purposes of section 363(b)(1) of the Bankruptcy Code, the Debtor has not, in connection with offering a product or service, disclosed to any individual a policy prohibiting the transfer of "personally identifiable information" (as defined in section 101(41A) of the Bankruptcy Code) about individuals to persons that are not affiliated with the Debtor.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and based on the foregoing findings of fact, the relief requested in the Sale Motion is granted and approved in its entirety, subject to the terms and conditions contained herein.

2.     All objections, responses, and requests for continuance concerning the Sale Motion are resolved or overruled in accordance with the terms of this Order and as set forth in

102667-002/order approving sale.doc

the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.

3.  Notice of the Sale Hearing, the Sale Motion, the Cure Amounts and all applicable objection deadlines was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

4.  The sale of the Purchased Assets, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby are authorized and approved in all respects.

5.  The sale of the Purchased Assets and the consideration provided by the Buyer under the Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.  The Buyer is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code, including with respect to the transfer of the Assumed Agreements as part of the sale of the Purchased Assets pursuant to section 365 of the Bankruptcy Code and this Order.

7.  Subject to the terms of the Agreement, the Trustee will be, and hereby is, authorized, to assume, perform under, consummate and implement the terms of the Agreement, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order and sale of the Purchased Assets contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession any or all of the Purchased Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Trustee's obligations as contemplated by the Agreement, without any further corporate action or orders of this Court. The Buyer shall have no obligation to proceed with the Closing of the

102667-002/order approving sale.doc

Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived in accordance with the terms of the Agreement.

8. The Trustee and each other person or entity having duties or responsibilities under the Agreement, any agreements related thereto or this Order, and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered and directed, subject to the terms and conditions contained in the Agreement: (a) to carry out all of the provisions of the Agreement and any related agreements; (b) to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; (c) to take any and all actions contemplated by the Agreement, any related agreements or this Order; and (d) to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and reasonably necessary or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, officers, employees, members, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives, and attorneys of such entities.

9. Effective as of the Closing, the sale of the Purchased Assets by the Trustee to the Buyer shall constitute a legal, valid and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and shall vest Buyer with all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all Encumbrances of any kind (except the Permitted Encumbrances), pursuant to section 363(f) of the Bankruptcy Code.

10. The sale of the Purchased Assets is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

11. Except to the extent specifically provided in the Agreement, upon the closing, the

Trustee shall be, and hereby is, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Purchased Assets to the Buyer. The sale of the Purchased Assets shall vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of any and all Encumbrances and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising before or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Encumbrances to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Purchased Assets, subject to all claims and defenses of the Debtor or the Trustee with respect thereto. Following the Closing Date, no holder of any Encumbrances in the Purchased Assets shall interfere with the Buyer's use and enjoyment of the Purchased Assets based on or related to such Encumbrances, or any actions that the Debtor may take in its chapter 11 case and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Order.

12. Upon payment of the Closing Date Payment to the Trustee in accordance with the Agreement and such Closing Date Payment no longer being subject to challenge, the provisions of this Order authorizing the sale of the Purchased Assets free and clear of Encumbrances, other than Permitted Encumbrances, shall be self-executing, and neither the Trustee nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

13. Upon the Closing Date, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Encumbrances of any kind against the Purchased Assets, as such Encumbrances may have been recorded or may otherwise exist.

14. To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and

10

governmental authorization or approval of the Debtor with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.

15. All of the Debtor's interests in the Purchased Assets to be acquired by the Buyer under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by the Buyer under the Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Purchased Assets to the Buyer.

16. To the extent permitted by applicable law, except as expressly provided in the Agreement, the Buyer is not assuming nor shall it or any affiliate of Buyer be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtor in any way whatsoever relating to or arising from the Debtor's ownership or use of the Purchased Assets before the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Debtor or its operation of the Purchased Assets, or relating to continuing or other conditions existing on or before consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Buyer or any affiliate of the Buyer.

17. Except as otherwise expressly provided in the Agreement, all persons or entities presently on or after the Closing Date in possession of some or all of the Purchased Assets are directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date, or at such time thereafter as the Buyer may request.

18. Subject to the terms of the Agreement, the assumption by the Trustee of the Assumed Agreements and the sale and assignment of such agreements to the Buyer, as provided for or contemplated by the Agreement, be, and hereby is, authorized and approved pursuant to

sections 363 and 365 of the Bankruptcy Code.

19. The Assumed Agreements shall be deemed valid and binding and in full force and effect and assumed by the Debtor and sold and assigned to the Buyer at the Closing, pursuant to sections 363 and 365 of the Bankruptcy Code, subject only to the assumption of payment and payment of all Cure Amounts required to be paid to assume and assign the agreements to the Buyer.

20. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title and interest of each Assumed Agreement. The Debtor shall reasonably cooperate with, and take all actions reasonably requested by, the Buyer to effectuate the foregoing.

21. Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, and except as otherwise provided in this Order, any non-Debtor party to an Assumed Agreement shall promptly receive payment by the Debtor of the applicable Cure Amount.

22. All defaults or other obligations under the Assumed Agreements arising before the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2)) of the Bankruptcy Code shall be deemed cured by payment of the Cure Amounts.

23. Any provision in any Assumed Agreement that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtor is unenforceable, and all Assumed Agreements shall remain in full force and effect, subject only to payment of the appropriate Cure Amounts, if any. No sections or provisions of any Assumed Agreement that purport to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Assumed Agreements shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. No assignment of any Assumed Agreement pursuant to the terms of the Agreement shall in any respect constitute a default under any

102667-002/order approving sale.doc

Assumed Agreement. The non-debtor party to each Assumed Agreement shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Buyer shall enjoy all of the rights and benefits under each such Assumed Agreement as of the Closing Date without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

24. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all parties to the Assumed Agreements are forever barred and enjoined from raising or asserting against Buyer any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assumed Agreement existing as of the Closing or arising by reason of the closing, except for any liabilities first arising after the Closing and being assumed by Buyer under the Agreement.

25. The Buyer has satisfied all requirements under sections 365(b)(1) and 365(b)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assumed Agreements.

26. The Debtor and its estate shall be relieved of any liability for any breach of any of the Assumed Agreements occurring from and after Closing, pursuant to and in accordance with section 365(k) of the Bankruptcy Code.

27. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

28. To the extent prohibited by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 cases or the consummation of the transaction provided for in the Agreement.

29. The Buyer has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the Assumed Liabilities as set forth in the Agreement, and the Buyer has not purchased any of the Excluded Assets. Consequently, all persons, Governmental Units (as defined in sections 101(27) and 101(41)) of the Bankruptcy Code and all holders of

Encumbrances based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Buyer or the Purchased Assets to recover any Encumbrances or on account of any liabilities of the Debtor other than the Assumed Liabilities pursuant to the Agreement; provided, however, that such injunction shall not apply to FCC, LLC, d/b/a First Capital Western Region, LLC until the Closing Date Payment has been paid to the Agent in accordance with Section 3.2 of the Agreement and is not subject to challenge.

30.  The Buyer is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in the Agreement. Except to the extent the Buyer assumes the Assumed Liabilities pursuant to the Agreement, neither the purchase of the Purchased Assets by the Buyer or its affiliates, nor the fact that the Buyer or its affiliates are using any of the Purchased Assets previously operated by the Debtor, will cause the Buyer or any of its affiliates to be deemed a successor in any respect to the Debtor's businesses within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine. Buyer and its affiliates shall have no liability or obligation under the WARN Act (29 U.S.C. §§ 210 et seq.) or the Comprehensive Environmental Response Compensation and Liability Act, or any foreign, federal, state or local labor, employment, or environmental law by virtue of the Buyer's purchase of the Purchased Assets or assumption of the Assumed Liabilities.

31.  Pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Trustee, the Debtor, all debt security holders, equity security holders, the Debtor's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors

asserting or holding an Encumbrance of any kind or nature whatsoever against, in or with respect to any of the Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of the Debtor's businesses before the Closing Date or the transfer of the Purchased Assets to the Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrance against the Buyer or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Purchased Assets.

32. Subject to the terms of the Agreement, the Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Trustee and the Buyer, subject further to the review and consent of FCC, LLC, d/b/a First Capital Western Region, LLC, which consent shall not be unreasonably withheld, and without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related agreements.

33. The failure to specifically include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Trustee and the Buyer that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

34. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by the Agreement.

35. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

36. Nothing in this Order shall alter or amend the Agreement and the obligations of the Trustee and the Buyer thereunder.

102667-002/order approving sale.doc

37. This Order and Agreement shall be binding upon and govern the acts of all Persons and entities, including without limitation, the Trustee, the Debtor and the Buyer, their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of any Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets.

38. The provisions of this Order are non-severable and mutually dependent.

39. Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable five (5) days from entry on the docket and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Trustee and the Buyer are free to close under the Agreement at any time, subject to the terms of the Agreement. In the absence of any person or entity obtaining a stay pending appeal, if the Debtor and the Buyer close under the Agreement, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

40. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Agreement in all respects and to decide any disputes concerning this Order, the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and any Assumed Agreements and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Purchased Assets free and clear of all Encumbrances (except for Permitted Encumbrances).

**IT IS SO ORDERED.**

102667-002/order approving sale.doc

PREPARED AND SUBMITTED:

SHELLEY D. KROHN, LTD.

By: /s/ Shelley D. Krohn
SHELLEY D. KROHN, ESQ.
Nevada Bar No. 5040
E-mail: shelley@krohnlawoffice.com
228 S. 4th St., Ste 300
Las Vegas, NV 89101-5709

*Attorneys for Chapter 11 Trustee,
Brian D. Shapiro, Esq.*

APPROVED/~~DISAPPROVED~~:

GORDON SILVER

By: /s/
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, NV 89169

*Attorneys for FCC, LLC, d/b/a
First Capital Western Region, LLC*

APPROVED/DISAPPROVED:

KLEHR HARRISON HARVEY
BRANZBURG LLP

By: /s/
JEFFREY KURTZMAN, ESQ.
LISA C.S. BURNETT, ESQ.
1835 Market Street - Suite 1400
Philadelphia, PA 19103
E-mail: jkurtzman@klehr.com

*Attorneys for Electro Rent Corporation*

. . .

. . .

. . .

17

102667-002/Version 1277141_2 1276933 doc.doc

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###